IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**RICK BOSAN,**

      **Plaintiff,**

v.                                                                                          Case 2:24-02140-TLP-cgc

**UNIVERSITY PLACE SENIOR LIVING
SE LP, MEMPHIS HOUSING AUTHORITY,
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, MEMPHIS AREA LEGAL
SERVICES, THE BAER LAW FIRM, ESQ.
KRISTA WILLIAMS, and SHELBY COUNTY
CLERK'S OFFICE,**

      **Defendant.**

**ORDER GRANTING MOTION OF
DEFENDANT KRISTA HOLDER-WILLIAMS TO JOIN
DEFENDANT BAER & BAER P.C.'s MOTION TO DISMISS**

**REPORT AND RECOMMENDATION ON BAER & BAER, P.C.'S
MOTION TO DISMISS**

      Before the Court are Defendant The Baer Law Firm's[1] ("Baer & Baer, P.C." or "the Baer Firm") Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry ("D.E.") #10) and Defendant Esq. Krista Williams[2] ("Holder-Williams") Motion to Join Defendant Baer & Baer P.C.'s Motion to Dismiss (D.E. #30). Pursuant to Administrative Order 2013-05, Holder-William's Motion to Join is

---

[1] Defendant states that Plaintiff has named it incorrectly and provides that the correct name of its business is Baer & Baer, P.C., d/b/a the Baer Firm. (Mot. To Dismiss, filed at D.E. #10, at PageID 27).

[2] Defendant "Esq. Krista Williams" states that Plaintiff has named her incorrectly and provides that her name is "Krista Holder-Williams." (Mot. to Dismiss, filed at D.E. #30, at PageID 211).

referred to the United States Magistrate Judge for determination and Baer & Baer, P.C.'s Motion to Dismiss is referred to United States Magistrate Judge for report and recommendation.

For the reasons set forth herein, Holder-Williams' Motion to Join Defendant Baer & Baer P.C.'s Motion to Dismiss is GRANTED. It is further RECOMMENDED that Baer & Baer, P.C.'s Motion to Dismiss, which is joined in by Holder-Williams, be GRANTED pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction.

I.   **Background**

On March 4, 2024, Plaintiff Rick Bosan filed a *pro se* "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (D.E. #1). While Plaintiff listed the parties to his case on the Court's standardized *pro se* complaint form for Section 1983 claims, he did not complete any other portions of the form.

Plaintiff then attached a typed document relisting the named defendants, providing a "Statement of claim" and "Description of how each Defendant is involved," and listing the relief that he requests.

Plaintiff's "Statement of claim" alleges as follows:

> Except for the failure of either of the following offices: the unlawful, fraudulent, and retaliatory eviction of tenant Mr. Rick Bosan would not have occurred, therefore the lawsuit under USC 42 1983 [sic] Civil rights is brought forth to hold each of the entities accountable for independent failure to comply with their own policies and protocol as Federally funded programs and persons who have sworn oaths of office to uphold the law and Civil Rights of all they have dealings with regarding legal rights.

(D.E. #1 at PageID 4).

In his "Description of how each Defendant is involved," Plaintiff does not discuss Baer & Baer, P.C. (D.E. #1 at PageID 4-5). As to Defendant Krista Williams, Plaintiff additionally alleges as follows:

> [W]hile acting as legal counsel for the defendant[, she] failed to do due diligence, knew or should have known that the charge of – failure to pay rent – was a civil violation as well as criminal act since she was aware it was not argued in court on August 11th of 2022 and as well was fraudulent and therefore had to be the product of conspiracy as there was no supportive evidence brought forth. Attorney Williams, is therefore charged with ineffective counsel, conspiracy, aiding and abetting an unlawful act which has and is causing harm, pain and suffering as well as significant financial loss to the former defendant, her former client.

(D.E. #1 at PageID 5).

On March 27, 2024, Baer & Baer, P.C., by special appearance, filed its Motion to Dismiss. Baer & Baer, P.C. argues that Plaintiff failed to provide a "short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Despite this failure to properly plead jurisdiction, which itself is fatal to his claims, Baer & Baer, P.C. affirmatively argues that, based upon the allegations that are present on the face of the Complaint, this Court may not exercise federal-question jurisdiction when a plaintiff attempts to pursue a Section 1983 claim against a private party.[3]

On April 12, 2024, Plaintiff filed his Response to Baer & Baer's Motion to Dismiss. (D.E. #19). Plaintiff's Response contains a lengthy recitation of the facts surrounding the underlying state court case and his legal arguments before this Court, most of which are not contained in his Complaint. It does not respond to either Baer & Baer, P.C.'s argument that this Court may not exercise subject-matter jurisdiction over his claims or any of the other arguments contained in Baer & Baer, P.C.'s Motion to Dismiss.[4]

---

[3] Baer & Baer, P.C. additionally argues that Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. However, as it is recommended, *infra*, that this Court does not have subject-matter jurisdiction over Plaintiff's claims against Baer & Baer, P.C. and Holder-Williams, the Court declines to undertake any further analysis as to whether dismissal would also be proper on these additional grounds.

[4] Plaintiff additionally filed a twenty-four-page "Notice" on April 12, 2024 (D.E. #24) with additional arguments pertaining to his claims against Baer & Baer, P.C. Local Rule 12.1(b) does not permit the filing

On May 22, 2024, Holder-Williams filed a Motion to Join Defendant Baer & Baer P.C.'s Motion to Dismiss. Holder-Williams asserts that she believes that Baer & Baer, P.C.'s arguments pursuant to Rules 12(b)(1) and 12(b)(6) are substantially the same as those that she would raise in her own motion.

## II.   Proposed Analysis

Upon consideration of Holder-Williams' Motion to Join Defendant Baer & Baer P.C.'s Motion to Dismiss, which sets forth why the arguments she seeks to raise pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure are substantially the same as those raised in Baer & Baer, P.C.'s Motion to Dismiss, it is hereby GRANTED.

Upon consideration of Baer & Baer, P.C.'s Motion to Dismiss, which is joined by Holder-Williams, Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to raise lack of subject-matter jurisdiction by motion, and Rule 12(h)(3) of the Federal Rules of Civil Procedure states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 8(a)(1) places the responsibility on a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction" in his pleading.

Here, Plaintiff has not cited any statute or clearly set forth any grounds for the Court's subject-matter jurisdiction over his claims against Baer & Baer, P.C. and Holder-Williams, as is required by Rule 8(a)(1). Even if the Court were to proceed to consider the remaining allegations on the face of his Complaint to determine if he may be able to establish subject-matter jurisdiction, it is true that properly plead Section 1983 claims may give rise to federal-question jurisdiction pursuant to 28 U.S.C. § 1331. However, Plaintiff has failed to state a viable Section 1983 claim against Baer & Baer, P.C. and Holder-Williams because a Section 1983 claim may not be brought

---

of more than one response or the filing of a response in excess of twenty pages without the Court's approval. Accordingly, this filing has not been considered for purposes of this Report and Recommendation.

against private parties unless their conduct could be fairly attributable to the state, *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999); *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997), and attorneys are not deemed to be acting under color of state law for purposes of § 1983, *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) (stating that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); *Smith v. Hilltop Basic Res., Inc.*, 99 F. App'x 644, 646 (6th Cir. 2004); *Harmon v. Hamilton Cty. Ct. of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) (reasoning that "the defendant attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation"); *Otworth v. Vaderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (stating that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983"); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998) ("emphatically reject[ing]" the argument that "attorneys were state actors against whom an allegation of deprivation of constitutional rights under color of law could be properly lodged").

When a complaint alleges Section 1983 claims against purely private parties, dismissal pursuant to Rules 12(b)(1) and 12(h)(2) for lack of subject-matter jurisdiction is appropriate. *See Francois Johnson, Sr. v. Cargill, Inc.*, No. 10-2084-JPM-dkv, 2010 WL 11678247, at *2 (W.D. Tenn. 2010) (dismissing a Section 1983 claim pursuant to Rules 12(b)(1) and 12(h) because the court lacks subject-matter jurisdiction over Section 1983 claims against purely private parties); *Michael Mattox v. Waffle House, Inc.*, No. 19-2014-MSN-dkv, 2019 WL 2323537, at *3 (W.D. Tenn. 2019) (concluding that, because the plaintiff cannot bring a Section 1983 claim against a private party, the Section 1983 claim does not provide the court with original jurisdiction).

5

Accordingly, it is RECOMMENDED that Plaintiff's claims against Baer & Baer, P.C. and Holder-Williams be DISMISSED for lack of subject-matter jurisdiction.[5]

### III.    Conclusion

For the reasons set forth herein, Holder-William's Motion to Join Baer & Baer, P.C.'s Motion to Dismiss is GRANTED.  It is further RECOMMENDED that Baer & Baer's Motion to Dismiss, which is joined by Holder-Williams, be GRANTED.

**SIGNED** this 8th day of October, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[5]  Baer & Baer, P.C.'s Motion to Dismiss additionally requests that the Court "tax the costs against the plaintiff" and "grant Baer & Baer, P.C. its costs [and] attorney fees." (Mot. to Dismiss, filed at D.E. #10-1, at PageID 39); however, it provides no arguments in support of this request.  This request is therefore denied.  *See United States of America ex rel. Christian Kreipke v. Wayne State Univ.*, No. 12-14836, 2014 WL 6085704, at n.3 (W.D. Mich. Nov. 13, 2014).