# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**RICK BOSAN,**

    **Plaintiff,**

v.                                                                          Case 2:24-02140-TLP-cgc

**UNIVERSITY PLACE SENIOR LIVING
SE LP, MEMPHIS HOUSING AUTHORITY,
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, MEMPHIS AREA LEGAL
SERVICES, THE BAER LAW FIRM, ESQ.
KRISTA WILLIAMS, and SHELBY COUNTY
CLERK'S OFFICE,**

    **Defendant.**

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION TO AMEND

Before the Court is Plaintiff Rick Bosan's Motion to Amend. (Docket Entry ("D.E.") #26). Pursuant to Administrative Order 2013-05, Plaintiff's Motion to Amend is referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Amend be DENIED.

### I.  Background

On March 4, 2024, Plaintiff Rick Bosan filed a *pro se* "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (D.E. #1). While Plaintiff listed the parties to his case on the Court's standardized *pro se* complaint form for Section 1983 claims, he did not complete any other portions of the form.

Plaintiff then attached a typed document relisting the named defendants, providing a "Statement of claim" and "Description of how each Defendant is involved," and listing the relief that he requests.

Plaintiff's "Statement of claim" alleges as follows:

> Except for the failure of either of the following offices: the unlawful, fraudulent, and retaliatory eviction of tenant Mr. Rick Bosan would not have occurred, therefore the lawsuit under USC 42 1983 [sic] Civil rights is brought forth to hold each of the entities accountable for independent failure to comply with their own policies and protocol as Federally funded programs and persons who have sworn oaths of office to uphold the law and Civil Rights of all they have dealings with regarding legal rights.

(D.E. #1 at PageID 4).

In his "Description of how each Defendant is involved," Plaintiff does not discuss Baer & Baer, P.C. (D.E. #1 at PageID 4-5). As to Defendant Krista Williams, Plaintiff additionally alleges as follows:

> [W]hile acting as legal counsel for the defendant[, she] failed to do due diligence, knew or should have known that the charge of – failure to pay rent – was a civil violation as well as criminal act since she was aware it was not argued in court on August 11th of 2022 and as well was fraudulent and therefore had to be the product of conspiracy as there was no supportive evidence brought forth. Attorney Williams, is therefore charged with ineffective counsel, conspiracy, aiding and abetting an unlawful act which has and is causing harm, pain and suffering as well as significant financial loss to the former defendant, her former client.

(D.E. #1 at PageID 5).

On May 20, 2024, Plaintiff filed a Motion to Amend. (D.E. #26). Plaintiff states that he wishes to do so to "add a defendant" and "add any information that may have not been previously included due to error [or] omission."

Along with Plaintiff's Motion to Amend, he filed two documents. The first document (D.E. #26-1) is formatted as an email but includes the text "amended complaint" and lists the addresses of all named defendants, which were omitted from his initial Complaint. While the initial

2

Complaint and the proposed amended complaint list the same defendants, alongside several defendants' names, Plaintiff lists nine new individuals in his proposed amended complaint. It is unclear whether he seeks to name these individuals as new defendants or whether he is detailing the names of individuals employed by or associated with the entity defendants. Plaintiff's proposed amended complaint restates what was listed as the "Statement of claim" in his initial Complaint, but it omits the remaining information.

The second document (D.E. #26-2) contains two pages that appear to be copies of his initial Complaint (*See* D.E. #1 at PageID 4-5; D.E. #26-2 at PageID 195, PageID 198). These documents contain his initial list of defendants without the named individuals included on the other pages. It then includes two new pages with allegations against "The Baer Law Firm" ("Baer & Baer, P.C.") and Attorney Krista Holder-Williams ("Holder-Williams"). (*See* D.E. #26-2 at PageID 196-97).

As to Baer & Baer, P.C., Plaintiff seeks to allege as follows:

> The Baer Law Firm . . . located at 200 Jefferson Avenue Suite 325 sued the Plaintiff, Mr. Rick Bosan, on behalf of University Place Senior Living Apartments Southeast LP for FAILURE TO PAY RENT on June 22, 2022, and at trial August 11, 2022 . . . .
>
> Attorneys L. Baer and L. Zacharias have been properly summoned to this court of law by due process of the 14th amendment and USC 42 1983 [sic] that they may be given the opportunity to defendant before the Federal Court of law, which has due and proper authority to hear cases of misrepresentation, deceit, and conspiracy also known as fraud, "Fraud Upon the Court," and, therefore, may hear the case and defense of the allegation of charge against the defendants of Wrongful Eviction by deceit, "False Representation," and conspiracy.

(D.E. #26-2 at PageID 196).

As to Holder-Williams, Plaintiff seeks to allege as follows:

> Attorney Krista Holder Williams [sic], whose office is located at 64 Flicker street in Memphis Tennessee, while acting as legal counsel to the Plaintiff failed to do due diligence, knew or should have known that the charge of – Failure to Pay Rent- was a Civil Violation, as well as a, criminal act since she was certainly aware it was not argued in court on August 11th 2022 and, as well, was fraudulent and therefore

3

> had to be the product of conspiracy, as there was no supportive evidence brought forth.
>
> Attorney Williams if therefore herein charged with ineffective counsel, conspiracy, aiding and abetting an alleged unlawful act which has and is causing harm, pain and sufferings [as] well as significant financial loss to the Plaintiff, her former client Mr. Rick Bosan.

(D.E. #26-2 at PageID 197).

On June 3, 2024, Defendant University Place Senior Living SE LP ("University Place") filed its Response in opposition to Plaintiff's Motion to Amend. University Place initially notes that Plaintiff has filed two different documents as attachments to his Motion to Amend. University Place argues that neither complies with Rule 10 of the Federal Rules of Civil Procedure, which governs the form of pleadings. By way of example, University Place notes that the two attachments do not name all defendants consistently, as required by Rule 10(a), and that they are not formatted in the manner required by Rule 10(b). Further, University Place argues that the proposed amendments do not satisfy Rule 8(a)'s requirements that a complaint contain both "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Finally, University Place argues that Plaintiff's claims, even if permitted, would be barred by the applicable statute of limitations.

On June 14, 2024, Plaintiff filed two documents that discuss his proposed amended complaint. (*See* D.E. #35, #37). Local Rule 7.2 does not permit these filings. Accordingly, the have not been considered for purposes of this Report and Recommendation.

## II. Analysis

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend] when justice so requires." However, a motion for leave to amend a pleading may be denied for the following reasons: (1) the motion is the product of undue delay, bad faith, or dilatory motive; (2) the amendment would cause undue prejudice to the opposing party; (3) the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments; or, (4) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178 (1962). An amendment to a complaint is futile when it would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005).

Here, the proposed substantive amendments are against Baer & Baer, P.C. and Holder-Williams. Baer & Baer, P.C. has already filed a Motion to Dismiss (D.E. #10), which the Court is permitting Holder-Williams to join. The Report and Recommendation on their Motion to Dismiss, which the Court is issuing separately, details the Court's recommendation that it lacks subject matter jurisdiction when a Plaintiff fails to plead grounds for its existence, *see* Fed. R. Civ. P. 8(a)(1), and when a plaintiff seeks to pursue a Section 1983 claim against a private party. Plaintiff's proposed amendments continue to lack any short and plain statement of the grounds for the court's jurisdiction and, even if permitted, would not in any way alter the fact that he seeks relief against Baer & Baer, P.C. and Holder-Williams under a statute which provides none. Accordingly, it is RECOMMENDED that Plaintiff's proposed amendments as to Baer & Baer, P.C. and Holder-Williams are futile and should not be permitted.

As to the proposed amendments to add the names and addresses of certain defendants, the Court would typically permit this amendment. However, here, there are several concerns. First, Plaintiff has not filed a proposed amended complaint but has filed two documents that are

inconsistent and incomplete. Second, it is not even clear from these documents who Plaintiff seeks to add as a defendant. Accordingly, it is RECOMMENDED that Plaintiff's remaining proposed amendments are futile and largely do not cure the deficiencies of his initial pleading.

### III.   Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Amend be DENIED.

**SIGNED** this 8th day of October, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**