IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**RICK BOSAN,**

      **Plaintiff,**

v.                                           Case 2:24-02140-TLP-cgc

**UNIVERSITY PLACE SENIOR LIVING
SE LP, MEMPHIS HOUSING AUTHORITY,
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, MEMPHIS AREA LEGAL
SERVICES, THE BAER LAW FIRM, ESQ.
KRISTA WILLIAMS, and SHELBY COUNTY
CLERK'S OFFICE,**

      **Defendant.**

**REPORT AND RECOMMENDATION ON UNIVERSITY PLACE SENIOR LIVING SE LP's MOTION TO QUASH SERVICE AND TO DISMISS UNDER RULE 12(b)(2) AND RULES 12(b)(4) AND 12(b)(5)**

**ORDER GRANTING MEMPHIS HOUSING AUTHORITY'S MOTION TO JOIN DEFENDANT UNIVERSITY PLACE SENIOR LIVING SE LP's MOTION TO QUASH SERVICE AND TO DISMISS UNDER RULE 12(b)(2) AND RULES 12(b)(4) AND 12(b)(5)**

Before this Court are the following motions: Defendant University Place Senior Living SE LP's ("University Place")[1] Motion to Quash Service and to Dismiss pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure ("Motion to Quash Service and to Dismiss") (Docket Entry ("D.E." #12); and, Defendant Memphis Housing Authority's ("MHA") Motion to Join University Place's Motion to Quash Service and to Dismiss ("Motion to Join")

---

[1] University Place states that the correct name of its entity is "University Place Southeast, L.P." (*See* Mot. to Quash and to Dismiss, Exh. A, ¶ 3).

(D.E. #17).  Pursuant to Administrative Order 2013-05, the instant motions have been referred to the United States Magistrate Judge.

### I.     Background

On March 4, 2024, Plaintiff Rick Bosan filed a *pro se* "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983."  (D.E. #1).  While Plaintiff listed the parties to his case on the Court's standardized *pro se* complaint form for Section 1983 claims, he did not complete any other portions of the form.

Plaintiff then attached a typed document relisting the named defendants, providing a "Statement of claim" and "Description of how each Defendant is involved," and listing the relief that he requests.

Plaintiff's "Statement of claim" alleges as follows:

> Except for the failure of either of the following offices: the unlawful, fraudulent, and retaliatory eviction of tenant Mr. Rick Bosan would not have occurred, therefore the lawsuit under USC 42 1983 [sic] Civil rights is brought forth to hold each of the entities accountable for independent failure to comply with their own policies and protocol as Federally funded programs and persons who have sworn oaths of office to uphold the law and Civil Rights of all they have dealings with regarding legal rights.

(D.E. #1 at PageID 4).

In his "Description of how each Defendant is involved," Plaintiff alleges that University Place "[f]iled a fraudulent claim against [him] . . . for FAILURE TO PAY RENT."  (*Id*.)  Plaintiff alleges that, on May 5, 2022, August 11, 2022, and "until present," MHA Compliance Officer Ms. T. Brown ("Brown") and Attorney Barbara Dean ("Dean") "failed to follow HUD's GRIEVANCE PROTOCOL regarding landlord tenant issues related to right to recourse where destruction of

property, threats of violence to staff or other residents, and non-payment of rent are not concerned." (*Id.*)

On March 7, 2024, the Clerk of Court issued a Summons in a Civil Action to the following: (1) University Place Senior Living Apartments SE LP, 600 S. Somerville St., Memphis, Tennessee, 38104; and, (2) University Place Senior Living Apartments SE LP, Management Office, 1045 E. Eh Crump Blvd., Memphis, Tennessee, 38104. (D.E. #8 at PageID 9-10). On the same date, the Clerk of Court issued a Summons in a Civil Action to the following: Memphis Housing Authority, Attorney Barbara Deans (or current attorney), Tomecia Brown: Compliance Officer, 700 Adams Avenue, 38105. (D.E. #8 at PageID 21-22).

On March 12, 2024, Bradley Clark ("Clark"), Senior Attorney for MHA, was given an envelope by his staff. (D.E. #17-1 at ¶¶ 1-4). Enclosed was a Summons in a Civil Action directed to the following: Memphis Housing Authority, Attorney Barbara Deans (or current attorney), Tomeola Brown: Compliance Officer, 700 Adams Avenue, 38105. (D.E. #17-2). Neither Clark nor his staff was aware of any "return card" on the envelope containing the summons, and to Clark's knowledge, no one signed for the envelope or signed a "green card" for proof of delivery. (D.E. #17-1 at ¶¶ 5-8).

On March 13, 2024, a member of the University Place staff brought Ninotchka Shaw ("Shaw"), who is employed by University Place as a general manager and authorized agent for service of process, an envelope and summons that had been delivered to 1045 East E.H. Crump Boulevard in Memphis, Tennessee, 38104. (Mot. to Dismiss and to Quash, Exh. A ("Shaw Aff.") ¶¶ 1-2, 5-7). Shaw did not personally receive this mailing, did not sign for the mailing, and did not see it delivered. (*Id.* ¶¶ 9-11). Shaw never saw any "green card" evidencing proof of delivery of certified mail. (*Id.* ¶ 13). At the time of her Affidavit, Shaw has also not received any other

3

copy of the summons or complaint in this case, either by personal delivery or by a postal employee. (*Id*. ¶ 15). None of Shaw's staff are authorized to sign her name to a receipt for certified mail addressed to her. (*Id*. ¶ 14).

On March 27, 2024, University Place filed its Motion to Quash and to Dismiss. University Place argues that Plaintiff has failed to effectuate service of process by any means permitted by federal or state rules and, as such, Plaintiff's Complaint against it should be dismissed pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.

On March 28, 2024, Plaintiff filed a Proof of Service with this Court. (*See* D.E. #15 at PageID 73). Although the form asks for details on the manner of service, it was left blank. (*Id.*) Plaintiff appears to have signed "R. Bosan" under the space for the "Server's signature." (*Id.*) Attached to the proof of service is a certified mail receipt card. (*Id*. at PageID 74). It is addressed to "University Pl. Apartments (Senior Living) 1045 EH Crump Blvd, 38104 c/o N. Shaw." (*Id.*) It is unsigned but lists the date of delivery as March 13, 2024. (*Id.*)

On April 1, 2024, MHA filed its Motion to Join. MHA asserts that the arguments presented by University Place are applicable to Plaintiff's failures to properly serve it as well. On April 12, 2024, Plaintiff filed his Response to University Place and MHA's motions. (D.E. #19). Plaintiff's Response does not substantively respond to the issues raised in either motion. On April 25, 2024, University Place filed its Reply. (D.E #22). University Place notes that Plaintiff's Response does not contest the issues raised in the Motion to Quash Service and to Dismiss and argues that Plaintiff's Proof of Service, which had been filed in the interim, contains an unsigned "green card" evidencing that sufficient service of process had not been made upon it.

On May 16, 2024, Proof of Service was filed with this Court as to MHA. (D.E. #24). It states that the summons for Brown was received by the process server, Rodney Harper ("Harper"),

on May 2, 2024. The Proof of Service form has five check boxes to select how service was effected. The first box is for personal service upon an individual; it is not checked, but the address of 700 Adamas Avenue, Memphis, Tennessee, 38105 and the date of May 2, 2024 is listed here. The second box is for service at the individual's residence or usual place of abode. This box is checked with the process server writing "placed in business mailbox" on May 2, 2024. The third box is for service upon an individual who is designated by law to accept service. In this box, the process server writes that service was made upon Brown on May 2, 2024. The Proof of Service is dated May 3, 2024 and signed by Harper.

## II.     Proposed Analysis

With respect to MHA's Motion to Join, it is based upon MHA's desire for the Court to consider whether University Place's arguments should require dismissal of the Complaint against MHA as well for lack of personal jurisdiction, insufficient process, and insufficient service of process. For good cause shown and for purposes of judicial efficiency, MHA's Motion to Join is GRANTED

With respect to whether University Place and MHA have been properly served, Plaintiff's Response does not contest any of the arguments raised by their motions. Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint may be dismissed if the Court finds that there was insufficient service of process. Fed. R. Civ. P. (12)(b)(5). Rule 4(c) states, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). In this case, service has not been sufficiently effected as to either University Place and MHA.

Further, Plaintiff is required to serve the defendants within ninety (90) days after the complaint is filed. If service has not been made within that time, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed.R.Civ.P 4(m). It is RECOMMENDED that the Motion to Dismiss be GRANTED and that Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m).

### III. Conclusion

For the reasons set forth herein, MHA's Motion to Join is hereby GRANTED. It is further RECOMMENDED that University Place's Motion to Quash Service and to Dismiss, which is joined by MHA, should be GRANTED, as Plaintiff has failed to dispute any issues raised therein.

Signed this 4th day of November, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**