# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RICK BOSAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:24-cv-02140-TLP-cgc |
| v. | ) |
| | ) JURY DEMAND |
| UNIVERSITY PLACE SENIOR LIVING SE LP, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS

Pro se Plaintiff Rick Bosan sued Defendants University Place Senior Living SE LP, Memphis Housing Authority, Department of Housing and Urban Development, Memphis Area Legal Services, The Baer Law Firm ("Baer"), Attorney Krista Holder-Williams ("Holder-Williams"),[1] and Shelby County Clerk's Office for a civil rights violation under 42 U.S.C. § 1983. (ECF No. 1.) Defendant Baer, joined by Defendant Holder-Williams, moved to dismiss for lack of subject matter jurisdiction.[2] (ECF No. 10 (Baer's motion to dismiss); ECF No. 30 (Holder-Williams' motion to join Baer's motion); ECF No. 40 (order granting motion to join).)

---

[1] Plaintiff incorrectly named Holder-Williams in this action, but the Court refers to her correct name. (*See* ECF No. 30.)

[2] Baer also moved to dismiss for a lack of personal jurisdiction, insufficient process and service of process, and failure to state a claim under Federal Rule of Civil Procedure 12(b). (ECF No. 10.) *See also* Fed. R. Civ. P. 12(b). And Holder-Williams similarly moved to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim. (ECF No. 30-1.) Because there is no subject matter jurisdiction, the Court cannot rule on the matter and does not address these alternative arguments for dismissal.

1

Plaintiff opposed the motion to dismiss (ECF No. 19), and Defendant Baer replied (ECF No. 23). Plaintiff also moved to amend his complaint. (ECF No. 26.)

Magistrate Judge Charmaine G. Claxton then entered a Report and Recommendation ("R&R") recommending that the Court grant dismissal in favor of Baer and Holder-Williams (ECF No. 40) and an R&R recommending that the Court deny the amendment (ECF No. 41). Plaintiff moved untimely to extend the objection deadlines and, without a ruling on that motion, filed his objections.[3] (ECF No. 44 (untimely motion to extend time to object); ECF No. 45 (untimely objections).)

For the reasons below, the Court **ADOPTS** both R&Rs, **DENIES** Plaintiff's motion to amend, and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Baer and Holder-Williams.

## BACKGROUND

Plaintiff's complaint asserts a claim under 28 U.S.C. § 1983 related to his eviction for failing to pay rent. (ECF No. 1 at PageID 4–5.) But the complaint offers no facts related to Baer's conduct, and the allegations against Holder-Williams are confusing. (*Id.* at PageID 5.) And Plaintiff's proposed amended complaint does little to clarify, though Plaintiff adds remarks about Baer's conduct. (ECF No. 26.) Defendants Baer and Holder-Williams moved to dismiss Plaintiff's complaint, arguing the Court lacks subject matter jurisdiction over the § 1983 claims

---

[3] A party has fourteen days to object to an R&R. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Judge Claxton filed the R&Rs on October 8, 2024, and Plaintiff did not object, or move for additional time to do so, until October 28, 2024. (*See* ECF Nos. 40, 41, 44, 45.) But, as discussed below, even if the motion and objections were timely, the Court finds them general and vague, so they would not change the analysis here. The motion to extend time to object (ECF No. 44) is therefore **DENIED**.

against them because they are private parties. (ECF Nos. 10, 30.) Plaintiff responded to the motion but did not address the subject matter jurisdiction issue. (*See* ECF Nos. 19, 20.)

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1)(A)–(B). And the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

A party who objects must "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In fact, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)). And so, when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See id.* And the district

court need not articulate all its reasons for rejecting a party's objection. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

Judge Claxton entered her R&R, and Plaintiff did not timely object. (*See* ECF Nos. 40, 41, 44, 45.) So the Court need not consider Plaintiff's objections. But even if Plaintiff's objections were timely, the objections are not specific enough to meet the requirements of Federal Rule of Civil Procedure 72(b)(2). Plaintiff generally lists legal principles, makes factual contentions related to his eviction, and attaches state court documents—all without identifying any errors Judge Claxton made in either R&R or explaining why his claims should not be dismissed. (ECF No. 37.)

The closest Plaintiff gets to challenging a legal determination is stating that the Court should "temper purely technical judgment with case merit and factual evidence to assure all parties due process [and] fairness," and "JURISDICTION: The Supreme Court also holds that cases of fraud may be heard at anytime by any court. Attempting to prevent a case being heard based solely on contrived technicality is not a legal position, nor does it substitute for the case being heard on it *merits. Harmless error." (ECF No. 45 at PageID 301; ECF No. 45-1 at PageID 307 (punctuation in original).) But these remarks are too general because they do not address the core issue of the R&Rs, which is that the Court lacks subject matter jurisdiction over Plaintiff's § 1983 claims because Baer and Holder-Williams are not state actors.

Because Plaintiff objected late and failed to identify specific errors within Judge Claxton's reports, the Court reviews the R&Rs for clear error. *See Miller*, 50 F.3d at 380 (finding that a party's objections to report and recommendation were general objections when they "were summary in nature, with no specificity at all," "failed specifically to address the findings of the magistrate," "disputed the correctness of the magistrate's recommendation but

4

failed to specify the findings that she believed were in error," and "simply objected to the report and recommendation and referred to several of the issues in the case"). Plaintiff fails to show Judge Claxton committed any errors, let alone a clear one.

## **DISPOSITION**

Having reviewed the record here, the Court finds no clear error. In fact, the Court agrees with Judge Claxton's analyses and her conclusions in the R&Rs. The Court therefore **ADOPTS** both R&Rs. The Court first addresses the R&R on the motion to dismiss, which helps explain why the R&R on the motion to amend is also correct.

### I.   **Disposition on Motion to Dismiss**

A court must have subject matter jurisdiction over an action before it can decide the issue. *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) ("Before a federal court takes up a case's merits, it must assure itself of its jurisdiction over the case's subject matter. And on that score, a federal court's subject-matter jurisdiction is restricted, both by operation of the Constitution, and by federal statutes." (citations omitted)). A court has subject matter jurisdiction over claims that arise out of federal statutes. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

And although a claim under 42 U.S.C. § 1983 generally invokes federal jurisdiction, the plaintiff must also "prove that she was deprived of a right 'secured by the Constitution or laws of the United States' and that such deprivation was 'caused by a *person acting under color of state law*'" to succeed on the claim. *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (citations omitted). In sum, for a court to have subject matter jurisdiction over a § 1983 claim, a plaintiff must show the defendant is a state actor. *See id; see also Brown ex rel.*

5

*Estate of Henry v. Hatch*, 984 F. Supp. 2d 700, 707 (E.D. Mich. 2013) (citing Sixth Circuit and Supreme Court cases to explain that the court lacks subject matter jurisdiction over a § 1983 action if "neither Defendant is a state actor").

Plaintiff carries the burden to show subject matter jurisdiction. *Carman v. Yellen*, 112 F.4th 386, 399 (6th Cir. 2024) ("The party invoking federal jurisdiction bears the burden of proving that we have jurisdiction over a given claim."). Courts must "liberally construe[]" pleadings filed by pro se plaintiffs and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). But pro se plaintiffs still must plausibly allege subject matter jurisdiction to survive a motion to dismiss. *See Davis v. Michigan Dep't of Corrections*, 746 F. Supp. 662, 666 (E.D. Mich. 1990) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)) ("Although *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers, courts have not been willing to abrogate basic pleading essentials in *pro se* suits.").

Judge Claxton's R&R correctly states that Plaintiff has failed to show subject matter jurisdiction over Baer and Holder-Williams. (*See* ECF No. 40.) As she points out, Plaintiff does not make any statement about this Court's subject matter jurisdiction. (ECF No. 40 at PageID 285 (quoting Fed. R. Civ. P. 8(a)(1)).) And for the court to have subject matter jurisdiction over § 1983 claims, the alleged wrongdoer must be a state actor or a private party whose conduct can be fairly attributable to the state. *See Littler*, 88 F.4th at 1180–81. But Baer and Holder-Williams are private parties, and Plaintiff suggests no basis for considering them state actors. In fact, Plaintiff alleges no facts against Baer and only alleges facts related to how Holder-Williams

6

represented him in a legal matter, which does not imply state action at all.  (*See* ECF No. 1.)  *See also Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998) (acknowledging that attorneys are not state actors for purposes of a § 1983 claim).

All in all, this Court agrees with Judge Claxton that the Court lacks subject matter jurisdiction over Plaintiff's § 1983 claims against Baer and Holder-Williams.  Finding no clear error, the Court **ADOPTS** Judge Claxton's recommendation to grant their Motions to Dismiss.

## II.     Disposition on Motion to Amend

Plaintiff moved to amend his complaint to include more information on his claims against Baer and Holder-Williams and to add defendants.  (ECF No. 26.)  Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  But courts need not permit amendment when, among other things, the amendment would be futile. *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  And an amendment is futile if the proposed changes still would not allow the pleading to survive a motion to dismiss. *Id.*  The Court will first address the substantive amendments to Plaintiff's claims against Baer and Holder-Williams and then will discuss Plaintiff's attempt to add new defendants.

### A.     Substantive Allegations Against Baer and Holder-Williams

As discussed above, Plaintiff's original complaint did not show subject matter jurisdiction over § 1983 claims against Baer and Holder-Williams, so the claims were subject to dismissal.  And Plaintiff moved to amend to add and clarify facts related to these claims.  (ECF No. 26.)  But the proposed amendments still do not allege facts supporting jurisdiction because,

7

like the original complaint, Plaintiff fails to show Baer's and Holder-Williams' conduct was state action. For this reason, Judge Claxton recommended denying amendment to the factual allegations against Baer and Holder-Williams as futile. (ECF No. 41 at PageID 292.) The Court agrees.

For example, in the claim against Baer, Plaintiff's proposed amended complaint only states that

> [t]he Baer Law Firm, also known as the Baer Law Firm . . . sued the Plaintiff, Mr. Rick Bosan, on behalf of University Place Senior Living Apartments Southeast LP for FAILURE TO PAY RENT on June 22, 2022, and at trial August 11, 2022, using EXHIBIT I-page I.
> Attorneys L. Baer and L. Zacharias have been properly summoned to this court of law by due process of the 14th amendment and USC 42 1983 that they may be given the opportunity to defend before the Federal Court of law, which has due and proper authority to hear cases of misrepresentation, deceit, and conspiracy also known as fraud, "Fraud Upon the Court," and, therefore, may hear the case and defense of the allegation of charge against the defendants of Wrongful Eviction by deceit, "False Representation," and conspiracy.

(ECF No. 26-2 at PageID 196.) This proposed amendment is a substantive addition because the original complaint did not allege any facts against Baer. (*See* ECF No. 1.)

And as it relates to Holder-Williams, Plaintiff's proposed amendment alleges that

> Attorney Krista Holder Willliams, whose office is located at 64 Flicker street in Memphis Tennessee, while acting as legal counsel to the Plaintiff failed to do due diligence, knew or should have known that the charge of – Failure to Pay Rent- was a Civil Violation, as well as a, criminal act since she was certainly aware it was not argued in court in court on August 11th 2022 and, as well, was fraudulent and therefore had to be the product of conspiracy, as there was no supportive evidence brought forth.
> Attorney Williams if therefore herein charged with ineffective counsel, conspiracy, aiding and abetting an unlawful act which has and is causing harm, pain and sufferings well as significant financial loss to the Plaintiff, her former client Mr. Rick Bosan.

(ECF No. 26-2 at PageID 197.) This proposed amendment rephrases the language from the original complaint and clarifies that Plaintiff was the "former client." (*See* ECF No. 1 at PageID 5.)

But neither of these substantive amendments shows that Baer or Holder-Williams are state actors or that their conduct can be attributed to state action. (ECF No. 26-2.) *See Littler*, 88 F.4th at 1180–81. And so, the amendments do not plead facts showing the Court has subject matter jurisdiction over the § 1983 claims. *See id; see also Brown ex rel. Estate of Henry v. Hatch*, 984 F. Supp. 2d 700, 707 (E.D. Mich. 2013). Of course, this was the reason Judge Claxton recommended dismissing the claims in the first place, so the Court agrees that the amendment would be futile. (*See* ECF Nos. 40, 41.)

## B.     Additional Defendants

Plaintiff's proposed amendments also tried to add defendants. (*See* ECF No. 26.) But Judge Claxton explains that the proposed amended complaint does not show who Plaintiff wants to sue. (ECF No. 41 at PageID 292–93.) In the first attachment to his motion to amend, Plaintiff lists additional names next to defendants from the original complaint and separately lists the Shelby County Court Clerk's Office and the Department of Housing and Urban Development as new defendants. (ECF No. 26-1 at PageID 195–98.) But the second attachment to the motion to amend includes no new names or defendants, making it unclear who he intends to sue. (ECF No. 26-2 at PageID 193.) In any case, though, Plaintiff alleges no specific facts or claims about the conduct of these new individuals or organizations that would survive a motion to dismiss, making the amendment futile. *See Stanley*, 105 F.4th at 867. For these reasons, the Court agrees with Judge Claxton's recommendation to deny Plaintiff's motion to amend to add parties.

Finding no clear error, the Court **ADOPTS** Judge Claxton's recommendation on the motion to amend because Plaintiff's proposed amendments would be futile.

## **CONCLUSION**

Having reviewed Judge Claxton's R&Rs for clear error and finding none, the Court **ADOPTS** her recommendations, **DENIES** Plaintiff's motion to amend, and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Baer and Holder-Williams for lack of subject matter jurisdiction.

**SO ORDERED**, this 6th day of December, 2024.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE