IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICK BOSAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02140-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| UNIVERSITY PLACE SENIOR LIVING ) | |
| SE LP, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Rick Bosan sued Defendants University Place Senior Living SE LP ("University Place"), Memphis Housing Authority ("MHA"), Department of Housing and Urban Development, Memphis Area Legal Services, The Baer Law Firm ("Baer"), Attorney Krista Holder-Williams (Holder-Williams),[1] and Shelby County Clerk's Office for a civil rights violation under 42 U.S.C. § 1983. (ECF No. 1.) Defendant University Place, joined by Defendant MHA, moved to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process. (ECF No. 12 (University Place's motion to dismiss); ECF No. 17 (MHA's motion to join University Place's motion); ECF No. 46 at PageID 313 (granting motion to join).) Plaintiff opposed the motion (ECF No. 19), and Defendant University Place replied (ECF No. 22). Magistrate Judge Charmaine G. Claxton then entered a Report and

---

[1] The Court dismissed Defendants Baer and Holder-Williams in an earlier order. (*See* ECF Nos. 40, 53.)

Recommendation ("R&R") recommending that the Court grant dismissal in favor of University Place and MHA. (ECF No. 46.) Plaintiff did not object.

For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against University Place and MHA.

## BACKGROUND

Plaintiff's Complaint asserts a claim under 28 U.S.C. § 1983 related to his eviction for failing to pay rent.[2] (ECF No. 1 at PageID 1, 4–5.) Plaintiff filed a summons for Defendant University Place, but the attached Proof of Service form is incomplete. (ECF No. 15 at PageID 73.) The form includes a date and Plaintiff's name, signature, and address as the process server, but there is no information about who was served or how that person was served. (*Id.*) Plaintiff also included a half-complete certified mail delivery notice. (*Id.* at PageID 74.)

University Place's motion to dismiss explains that service was sent to its office building but did not name the company correctly and was not directed to a party able to accept service on the company's behalf. (ECF No.12-1 at PageID 52 (citing Fed. R. Civ. P. 4(h)(1)(B)).) Plaintiff also sent service by certified mail but did not get a signed return receipt under Tennessee's rules for service by certified mail. (*Id.* at PageID 52–55 (citing Fed. R. Civ. P. 4(c); Tenn. R. Civ. P. 4.04).) And the affidavit from University Place's authorized agent Ninotchka Shaw attests that she did not sign for the mail, did not see the postal worker deliver it, and is the only person authorized to sign for certified mail addressed to her. (*Id.* at PageID 60.)

---

[2] Plaintiff asserts that University Place "[f]iled a fraudulent claim against the plaintiff for FAILURE TO PAY RENT." (ECF No. 1 at PageID 4.) And as to Defendant MHA, Plaintiff claims that "Compliance Officer Ms. T Brown" and "Attorney Barbara Dean[] failed to follow HUD'S GRIEVANCE PROTOCOL regarding landlord tenant issues related to right to recourse where destruction of property, threats of violence to staff or other residents, and non-payment of rent are not concerned." (*Id.*) The merits of these allegations are not relevant to the motions here.

2

Plaintiff filed a summons for Defendant MHA too. (ECF No. 24 at PageID 187.) The Proof of Service states that Rodney Harper served process on Tomecia Brown in May. (*Id.*) But the proof of summons notes that it was "placed in business mailbox." (*Id.*) And according to Defendant MHA's motion and accompanying affidavit from Bradley Clark, MHA received service through regular mail, and no one at MHA signed anything regarding proof of delivery. (ECF No. 17-1 at PageID 85–86.)

Defendants University Place and MHA moved to dismiss Plaintiff's Complaint, arguing insufficient process and lack of service of process. As a result, it argues that the Court lacks personal jurisdiction. (ECF Nos. 10, 30.) Plaintiff responded to the motions but did not address the issues raised in the motion to dismiss. (*See* ECF Nos. 19, 20.)

## LEGAL STANDARD

A party may move for dismissal when service of process or process are improper. Fed. R. Civ. P. 12(b)(4)–(5); *see also Canaday v. Anthem Cos.*, 9 F.4th 392, 399 (6th Cir. 2021) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." (citation omitted)). Under Federal Rule of Civil Procedure 4, a summons must

> (A) name the court and the parties;
> (B) be directed to the defendant;
> (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
> (D) state the time within which the defendant must appear and defend;
> (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
> (F) be signed by the clerk; and
> (G) bear the court's seal.

Fed. R. Civ. P. 4(a)(1). And process must include the summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Under federal law, a plaintiff may serve process on a defendant consistent with the laws for service of the state in which service is made, or by

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). In Tennessee, service of process by certified mail is permissible if addressed to a person authorized to receive service and accompanied by a "return receipt . . . signed by the defendant" or by the defendant's designated recipient for service of process. Tenn. R. Civ. P. 4.03(2) ("If the return receipt is signed by the defendant, or by person designated by Rule 4.04 or by statute, service on the defendant shall be complete."); Tenn. R. Civ. P. 4.04(3) (identifying the proper individuals to receive service for partnerships or other unincorporated associations); Tenn. R. Civ. P. 4.04(10) (requiring return receipt mail be addressed to the proper individual identified in Rule 4.04(3)).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1)(A)–(B). On review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. Plaintiff did not object to the R&R here.

4

## **DISPOSITION**

Having reviewed the record here, the Court finds no clear error. In fact, the Court agrees with Judge Claxton's analysis and her conclusions in the R&R. The Court therefore **ADOPTS** the R&R.

Plaintiff attempted service on University Place and MHA through mail. But the Federal Rules of Civil Procedure do not allow service by mail. *See* Fed. R. Civ. P. 4(e). And Tennessee law only permits service by mail if done by registered or certified mail. Tenn. R. Civ. P. 4.04(10). But according to the motions and affidavits, no one—much less the individual authorized to accept service of process—at either University Place or MHA received or signed the return receipt for service. And MHA claims service was only attempted via ordinary mail anyway. Thus, service of process was insufficient.

And to avoid dismissal, Plaintiff must properly serve a defendant within ninety days of filing the complaint. *See* Fed. R. Civ. P. 4(m). The court may allow a plaintiff more time to effect service, but Plaintiff here has not moved to extend time to serve the defendants or shown good cause for his initial failure to do so. (*See* ECF No. 19.) *See also* Fed. R. Civ. P. 4(m). And more than ninety days have passed since Plaintiff filed the Complaint. (*See* ECF No. 1 (Complaint filed March 4, 2024).) Thus, Judge Claxton correctly recommended that the Court dismiss the action because service of process was insufficient. Finding no clear error, the Court **ADOPTS** Judge Claxton's R&R.

## **CONCLUSION**

Having reviewed Judge Claxton's R&R for clear error and finding none, the Court **ADOPTS** her recommendation and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims

against University Place and MHA for lack of personal jurisdiction for insufficient service of process.

    **SO ORDERED**, this 2nd day of January, 2025.

                                           s/Thomas L. Parker
                                           THOMAS L. PARKER
                                           UNITED STATES DISTRICT JUDGE