IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICK BOSAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02140-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| UNIVERSITY PLACE SENIOR LIVING ) | |
| SE LP, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
ON MEMPHIS AREA LEGAL SERVICES' MOTION TO DISMISS**

Pro se Plaintiff Rick Bosan sued Defendants University Place Senior Living SE LP, Memphis Housing Authority, Department of Housing and Urban Development, Memphis Area Legal Services ("MALS"), The Baer Law Firm, Attorney Krista Holder-Williams, and Shelby County Clerk's Office for a civil rights violation under 42 U.S.C. § 1983.[1]  (ECF No. 1.) Plaintiff also alleged malpractice against MALS.  (*Id.*)  MALS moved to dismiss.  (ECF No. 47.) Plaintiff opposed the motion (ECF Nos. 57, 78), and MALS replied (ECF No. 66, 85). Magistrate Judge Charmaine G. Claxton then entered a Report and Recommendation ("R&R") recommending that the Court dismiss the claims against MALS.  (ECF No. 115.)  Plaintiff objected.  (ECF No. 123.)

---

[1] The Court dismissed Defendants University Place Senior Living SE LP, Memphis Housing Authority, The Baer Law Firm, and Attorney Krista Holder-Williams in an earlier order.  (*See* ECF Nos. 53, 69, 70.)

1

For the reasons below, the Court **MODIFIES** Judge Claxton's analysis but **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims against MALS.

## BACKGROUND

Plaintiff sues MALS under 28 U.S.C. § 1983 following his eviction for failing to pay rent.  (ECF No. 1 at PageID 1, 4–5.)  But the Complaint offers only confusing facts about the basis of its claim against MALS.  (*Id.* at PageID 4–5.)  Defendant MALS moved to dismiss, arguing that Plaintiff's § 1983 claim fails because MALS is a private party, not a state actor.  (ECF Nos. 47–48 at PageID 325–26.)  It also contends the malpractice allegation is not subject to federal jurisdiction.  (*Id.* at PageID 326–27.)  Lastly, MALS argues both claims are time-barred.  (*Id.* at PageID 331–33.)  And Plaintiff responded, offering little to clarify his claims or their bases, though Plaintiff adds information about his theory.  (ECF Nos. 57, 78, and 123.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss.  28 U.S.C. § 636(b)(1)(A)–(B).  And the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).  A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  But if there is an objection, the district court reviews the objected-to portions of the R&R de novo.  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

A party who objects must "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In fact, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)). And so, when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See id.* And the district court need not articulate all its reasons for rejecting a party's objection. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

Judge Claxton entered her R&R, and Plaintiff timely objected. (*See* ECF No. 115; *see also* ECF Nos. 120, 122 (extending time to object), and 123.) But Plaintiff's objections are not specific enough to meet the requirements of Federal Rule of Civil Procedure 72(b)(2). Plaintiff generally lists legal principles, makes factual contentions related to his eviction, and attaches a letter from HUD—all without identifying any errors Judge Claxton made in the R&R or explaining why his claims should not be dismissed. (ECF No. 123.) In fact, Plaintiff does not address the core issue of the R&R: whether MALS is a state actor. (*Id.*) Instead, the bulk of his objection relates to another party, HUD, which is not relevant to this R&R. (*Id.*)

Because Plaintiff failed to identify specific errors within Judge Claxton's report, the Court reviews the R&R for clear error. *See Miller*, 50 F.3d at 380 (finding that a party's objections to report and recommendation were general objections when they "were summary in

3

nature, with no specificity at all," "failed specifically to address the findings of the magistrate," "disputed the correctness of the magistrate's recommendation but failed to specify the findings that she believed were in error," and "simply objected to the report and recommendation and referred to several of the issues in the case").  Plaintiff fails to show Judge Claxton's recommendations have any clear errors.

## DISPOSITION

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to "state a plausible claim to relief."  *Bryant v. McDonough*, 72 F.4th 149 (6th Cir. 2023); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Courts must "construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and decide whether there is enough factual content to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Mich. First Credit Union v. T-Mobile USA, Inc.*, 108 F.4th 421, 425 (6th Cir. 2024) (quoting *Ashcroft*, 556 U.S. at 678).

What is more, courts "liberally construe[]" pro se pleadings and hold them "to less stringent standards than a pleading filed by counsel."  *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  But this "lenient treatment . . . has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted); *see also Orlowski v. Bates*, 146 F. Supp. 3d 908, 921 (W.D. Tenn. 2015) ("Pro se litigants, however, are not exempt from the basic pleading requirements of the Federal Rules of Civil Procedure." (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989))).  Pro se litigants must still plead enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (quoting *Iqbal*,

556 U.S. at 678). And district courts are not "required to create" a pro se plaintiff's claim for him. *Payne v. Sec'y of the Treasury*, 73 F. App'x. 836, 837 (6th Cir. 2003).

Applying this standard, Judge Claxton recommends the Court dismiss Plaintiff's § 1983 and malpractice claims against MALS. (ECF No. 115.) Having reviewed the record, the Court **MODIFIES** the reasoning but finds no clear error in Judge Claxton's conclusions. The Court therefore **ADOPTS** the R&R's recommendations for the reasons below.

**I.     42 U.S.C. § 1983**

Judge Claxton's R&R correctly states that Plaintiff has failed to state a claim under 42 U.S.C. § 1983.[2] (*See* ECF No. 115.) To survive dismissal, a plaintiff must allege "that [he or] she was deprived of a right 'secured by the Constitution or laws of the United States' and that such deprivation was 'caused by a *person acting under color of state law*.'" *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (citations omitted). This second prong is met when "there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself."[3] *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003). This nexus requires more than receiving public funds. *Brown*

---

[2] MALS moves to dismiss the § 1983 claim under both Rules 12(b)(1) for subject matter jurisdiction and 12(b)(6) for failure to state a claim. Although some courts consider the failure to allege a state actor as showing lack of jurisdiction, *see Brown ex rel. Estate of Henry v. Hatch*, 984 F. Supp. 2d 700, 707 (E.D. Mich. 2013) (citing cases to explain that the court lacks subject matter jurisdiction over a § 1983 action if "neither Defendant is a state actor"), the better approach is to analyze the claim under Rule 12(b)(6) because § 1983 is a federal statute that would confer jurisdiction on this Court, *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). For this reason, and because MALS raised both issues and the pleadings fail under both standards, the Court applies Rule 12(b)(6) here.

[3] Courts apply three tests to decide whether there is state action: "(1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). Because Plaintiff only argues "entanglement," which falls under the third test, the Court only addresses that analysis here. *See id.* at 834.

*v. Cioffi*, No. 24-1168, 2024 WL 5440982, at *3 (6th Cir. October 10, 2024) ("And although Brown alleged that Calvin University is a state actor because it receives federal funding and has agreed to follow MDOC policies, the receipt of public funding by a private entity is not sufficient to establish a nexus between state and private actors." (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982))).

MALS is a private entity, and Plaintiff's Complaint, briefs, and objections provide little basis for considering it a state actor.[4] Plaintiff first alleges facts about how Holder-Williams represented him in a legal matter. (ECF No. 1 at PageID 4–5.) And his responses to the motion to dismiss explain that Holder-Williams and Attorney Cedric Harris[5] did not provide him with the legal assistance to which Plaintiff believes he is entitled.[6] (*See generally* ECF Nos. 57, 78,

---

[4] Plaintiff alleged the following in his Complaint:

> 4) Memphis Area Legal Services
> also known as (MALSI)
> Attorney Williams, while acting as legal counsel for the defendant failed to do due diligence, knew or should have known the charge of - failure to pay rent- was a civil violation as well as criminal act since she was certainly aware it was not argued in court on August 11th of 2022 and as well was fraudulent and therefore had to be the product of conspiracy as there was no supportive evidence brought forth. Attorney Williams, is therefore charged with ineffective counsel, conspiracy, aiding and abetting an unlawful act which has and is causing harm, pain and suffering as well significant financial loss to the former defendant, her former client.

(ECF No. 1 at PageID 4–5.)

[5] Harris is not a party to this action. The Court thus mentions him here only to the extent his conduct could create liability for MALS.

[6] On a motion to dismiss, courts generally restrict their review to the Complaint. But when a pro se litigant provides facts to state a claim in other filings, courts hesitate to dismiss and may grant leave to amend instead. *See Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) ("Given the chance to amend and include the information found in his motion for relief from judgment, Brown would have been able to demonstrate a non-frivolous underlying claim and therefore would have properly set for a claim under 42 U.S.C. § 1983."). After all, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But courts need not permit amendment when, among other things, the amendment would be futile.

and 123.)  His objections add that Harris "interfered with" his right to "an impartial and fair hearing through trickery and misrepresentation."  (ECF No. 123 at PageID 575.)  But these allegations do not imply state action.  Providing legal representation is not state action at all—let alone action with such a "close nexus" to the government that it could "be fairly attributed to the state itself."  (*See* ECF No. 1.)  *See also Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998) (acknowledging that attorneys are not state actors for purposes of a § 1983 claim).

      Plaintiff then calls MALS a "Federally funded program[]."  (ECF No. 1 at PageID 4.)  And he adds in his responses that MALS "associate[es] with and assist[s]" federal agencies, causing "Federal and State entanglement."  (ECF No. 78 at PageID 438; *see also id.* at PageID 440; ECF No. 57 at PageID 366.)  He similarly cites the entanglement doctrine in his objections, but he adds no facts about why it should apply here.  (ECF No. 123 at PageID 574.)  In any case, receiving public funds is not enough to show state action.  *Brown v. Cioffi*, 2024 WL 5440982, at *3 ("[T]he receipt of public funding by a private entity is not sufficient to establish a nexus between state and private actors." (citing *Rendell-Baker*, 457 U.S. at 841)).  And so, these allegations and arguments fail.

      This Court therefore agrees with Judge Claxton that Plaintiff has failed to state § 1983 claim against MALS.  Under clear error review, the Court **ADOPTS** Judge Claxton's

---

*Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  And an amendment is futile if the proposed changes still would not allow the pleading to survive a motion to dismiss.  *Id.*

    Because Plaintiff's responses and objections provide more facts supporting its claims, the Court considers them as though Plaintiff had moved to amend.  (*See* ECF Nos. 57, 78, 123.)  Even so, because the new allegations about Holder-Williams and Harris still fail to state a claim against MALS, the amendment is futile.

7

recommendation, **GRANTS** the Motion to Dismiss, and **DISMISSES** the § 1983 claim **WITH PREJUDICE**.

II.     **Legal Malpractice**

Judge Claxton also recommends dismissing Plaintiff's state-law claims[7] for lack of subject matter jurisdiction.  (ECF No. 115 at PageID 553.)  She explains that Plaintiff has alleged that his mailing address and MALS's home base are both in Tennessee, thereby defeating diversity jurisdiction.  (*Id.*; *see also* ECF No. 1 at PageID 3; ECF No. 8 at PageID 13.)  And this is true.  *See* 28 U.S.C. § 1332 (granting federal courts jurisdiction over certain civil actions between "citizens of different States").  Plaintiff's claims for malpractice and fraud or misrepresentation also do not invoke a federal statute to fall within the scope of federal question jurisdiction.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

But there is a third kind of jurisdiction which neither Judge Claxton nor the Parties address: supplemental jurisdiction.  *See* 28 U.S.C. § 1367.  (*See* ECF No. 115; ECF No. 48 at PageID 328–29.)  Supplemental jurisdiction arises when state-law claims "are so related to claims in the action with [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  *Hucul Adver., LLC v. Charter Twp. of Gaines*, 748 F.3d 273, 280 (6th Cir. 2014) (quoting 28 U.S.C. § 1367(a)).  "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'"  *Id.* (citation omitted).

---

[7] Judge Claxton construed Plaintiff's Complaint as alleging legal malpractice under Tennessee law.  (ECF No. 115 at PageID 553.)  It appears Plaintiff's responses also try to allege fraud and misrepresentation claims against MALS based on Harris's conduct.  (ECF Nos. 57, 78, 123.)  As before, the Court reviews these new facts under the futility standard for a motion to amend.  *See Brown*, 415 F. App'x at 615.

8

Plaintiff asserted a § 1983 claim here, which invokes a federal statute and, as a result, the Court's original jurisdiction. (ECF No. 1.) *See* 28 U.S.C. § 1331. That said, the Court may exercise jurisdiction over Plaintiff's state-law malpractice and fraud claims if they share a "common nucleus of operative facts" with the facts underlying the federal § 1983 claim. The claims here meet this standard because they depend on related factual allegations about the legal representation Plaintiff received in his eviction proceedings. (ECF No. 1 at PageID 4–5.)

Even so, the Court declines to exercise supplemental jurisdiction here. After all, a court may decline supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In fact, "[o]nce a federal court no longer has federal claims to resolve, it 'should not ordinarily reach the plaintiff's state-law claims.'" *Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455 (6th Cir. 2021) (citation omitted). Because, as discussed above, the Court dismisses Plaintiff's § 1983 claim (which was the claim "over which it has original jurisdiction"), the Court now declines to reach Plaintiff's state-law malpractice and fraud claims here.

The Court thus **ADOPTS** Judge Claxton's recommendation to dismiss the malpractice claim, but it **DISMISSES** it **WITHOUT PREJUDICE** because it declines to exercise jurisdiction.

## CONCLUSION

Having reviewed Judge Claxton's R&Rs, for the reasons stated above, the Court **ADOPTS** her recommendations, and **DISMISSES** Plaintiff's claims against MALS.

**SO ORDERED**, this 8th day of September, 2025.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE