IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICK BOSAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02140-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| UNIVERSITY PLACE SENIOR LIVING ) | |
| SE LP, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
ON DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT'S
MOTION TO DISMISS**

Pro se Plaintiff Rick Bosan sued Defendants University Place Senior Living SE LP, Memphis Housing Authority, Department of Housing and Urban Development ("HUD"), Memphis Area Legal Services, The Baer Law Firm, Attorney Krista Holder-Williams, and Shelby County Clerk's Office for a civil rights violation under 42 U.S.C. § 1983.[1]  (ECF No. 1.) HUD moved to dismiss.  (ECF No. 54.)  Plaintiff opposed the motion (ECF No. 82), and HUD replied (ECF No. 87).  Magistrate Judge Charmaine G. Claxton then entered a Report and Recommendation ("R&R") recommending that the Court dismiss the claims against HUD.  (ECF No. 116.)  Plaintiff objected.  (ECF No. 123.)  And HUD responded to the objections.  (ECF No. 124.)

---

[1] The Court dismissed Defendants University Place Senior Living SE LP, Memphis Housing Authority, Memphis Area Legal Services, The Baer Law Firm, and Attorney Krista Holder-Williams in earlier orders.  (*See* ECF Nos. 53, 69, 70, 125.)

For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims against HUD **WITH PREJUDICE**.

## BACKGROUND

Plaintiff sues HUD under 28 U.S.C. § 1983 over his eviction for failing to pay rent. (ECF No. 1 at PageID 1, 4–5.)  As to Defendant HUD, Plaintiff alleges:

> Whereas HUD has oversight of its partnerships and programs, upon being advised of University Place's failure of compliance with HUD's protocol (prior to any scheduled court involvement) by verifiable mail HUD representative Michael Craven 200 Jefferson in May of 2022 until present: HUD Secretary Marcia Fudge has been requested since 2022 to conduct an audit of why Tenant R. Bosan was evicted to no avail. The aforementioned parties failed to respond to or to adhere to HUD'S own policies and guidelines which require mediation to occur between tenant, landlord and a mediator represent the tenant in disputes.

(ECF No. 1 at PageID 4.)  HUD moved to dismiss, arguing that Plaintiff has failed to state a claim for relief.  (ECF No. 54 at PageID 354–55.)  It also contends that any *Bivens* claim fails on immunity grounds.  (*Id.* at PageID 355.)  And Plaintiff responded with what she called a "Motion to Deny Motion to Dismiss" that included no legal argument or relevant facts.[2]  (ECF No. 82.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss.  28 U.S.C. § 636(b)(1)(A)–(B).  And the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).  A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28

---

[2] Plaintiff's response cites "Rule 4, and 4.04 as well as Rule 55" and notes that he had not received communications since March 2024.  (ECF No. 82 at PageID 453.)  It is unclear to what communications, or from whom, Plaintiff refers.

U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

A party who objects must "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In fact, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)). And so, when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See id.* And the district court need not articulate all its reasons for rejecting a party's objection. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

Judge Claxton entered the R&R here, and Plaintiff timely objected. (*See* ECF No. 116; *see also* ECF Nos. 120, 122 (extending time to object), and 123.) But Plaintiff's objections are not specific enough to meet the requirements of Federal Rule of Civil Procedure 72(b)(2). Plaintiff generally lists legal principles, makes factual contentions related to his eviction, and attaches state court documents—all without identifying any errors Judge Claxton made in either R&R or explaining why his claims should not be dismissed. (ECF No. 123.)

3

Because Plaintiff failed to identify specific errors within Judge Claxton's reports, the Court reviews the R&Rs for clear error. *See Miller*, 50 F.3d at 380 (finding that a party's objections to report and recommendation were general objections when they "were summary in nature, with no specificity at all," "failed specifically to address the findings of the magistrate," "disputed the correctness of the magistrate's recommendation but failed to specify the findings that she believed were in error," and "simply objected to the report and recommendation and referred to several of the issues in the case"). Having reviewed the record here, the Court finds that Plaintiff fails to show Judge Claxton committed any errors, let alone a clear one.

## **DISPOSITION**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to "state a plausible claim to relief." *Bryant v. McDonough*, 72 F.4th 149 (6th Cir. 2023); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Courts must "construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and decide whether there is enough factual content to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mich. First Credit Union v. T-Mobile USA, Inc.*, 108 F.4th 421, 425 (6th Cir. 2024) (quoting *Ashcroft*, 556 U.S. at 678).

What is more, courts "liberally construe[]" pro se pleadings and hold them "to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted); *see also Orlowski v. Bates*, 146 F. Supp. 3d 908, 921 (W.D. Tenn. 2015) ("Pro se litigants, however, are not exempt from the basic pleading requirements of the Federal Rules of Civil Procedure." (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989))). Pro se

plaintiffs must still plead enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (alteration in original) (quoting Iqbal, 556 U.S. at 678). And district courts are not "required to create" a pro se plaintiff's claim for him. *Payne v. Sec'y of the Treasury*, 73 F. App'x. 836, 837 (6th Cir. 2003).

Applying this standard, Judge Claxton recommends the Court dismiss Plaintiff's § 1983 claim against HUD. (ECF No. 116.) Having reviewed the record here, the Court finds no clear error in Judge Claxton's conclusions. In fact, the Court agrees with them. The Court therefore **ADOPTS** the R&R's recommendations for the reasons below.

## I.     42 U.S.C. § 1983

Judge Claxton's R&R correctly states that Plaintiff has failed to state a claim under 42 U.S.C. § 1983. (*See* ECF No. 116.) To survive dismissal, a plaintiff must allege "that [he or] she was deprived of a right 'secured by the Constitution or laws of the United States' and that such deprivation was 'caused by a *person acting under color of state law*.'" *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (citations omitted).

Plaintiff fails under both prongs here. First, as Judge Claxton correctly points out, Plaintiff has failed to allege a federal or constitutional deprivation. His Complaint alleges that HUD "failed to respond to or to adhere to [its] own policies and guidelines." (ECF No. 1 at PageID 4.) But violating internal policies is not an independent deprivation of a federal or constitutional right. And though Plaintiff cites the Fourteenth Amendment, he does not clarify how violating the policies separately deprived him of due process or equal protection. (*See id.*) Second, Plaintiff does not allege that HUD was acting under *state law*. Typically, federal actors like HUD act under federal law. *Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997). And

though they may act under state law in limited circumstances, Plaintiff does not allege any facts about how HUD may have done so here. *Id.* (noting that the "evaluation of whether particular conduct constitutes action taken under the color of state law[] must focus on the actual nature and character of that action" (citation omitted)). For instance, Plaintiff's objections[3] primarily make factual assertions about and challenge HUD's conduct, but they do not explain why those actions were taken under state law rather than federal law. (*See generally* ECF No. 123.)

This Court therefore agrees with Judge Claxton that Plaintiff has failed to state § 1983 claim against HUD. Under de novo review, the Court **ADOPTS** Judge Claxton's recommendation, **GRANTS** the Motion to Dismiss, and **DISMISSES** the § 1983 claim **WITH PREJUDICE**.

## II. *Bivens*

Judge Claxton also chose not to construe Plaintiff's allegations as asserting a *Bivens* claim. (ECF No. 116 at PageID 559.) Plaintiff makes general claims about HUD's conduct. (*See generally* ECF Nos. 1, 123.) But, as Judge Claxton emphasizes, "federal entities are not proper defendants for a *Bivens* claim." (ECF No. 116 at PageID 559 (citation omitted).) She is

---

[3] On a motion to dismiss, courts generally restrict their review to the Complaint. But when a pro se litigant provides facts to state a claim in other filings, courts hesitate to dismiss and may grant leave to amend instead. *See Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) ("Given the chance to amend and include the information found in his motion for relief from judgment, Brown would have been able to demonstrate a non-frivolous underlying claim and therefore would have properly set for a claim under 42 U.S.C. § 1983."). After all, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But courts need not permit amendment when, among other things, the amendment would be futile. *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And an amendment is futile if the proposed changes still would not allow the pleading to survive a motion to dismiss. *Id.*

Because Plaintiff's objections provide more facts related to his claims, the Court considers them as though Plaintiff had moved to amend. (*See* ECF Nos. 82, 123.) Even so, because the new allegations still fail to state a claim against HUD, the amendment is futile.

correct. Indeed, "the Supreme Court held that a plaintiff cannot bring a *Bivens* action against a federal agency . . . ." *Koprowski v. Baker*, 822 F.3d 248, 255 (6th Cir. 2016) (citing *FDIC v. Meyer*, 510 U.S. 471, 485 (1994)). But Plaintiff has sued HUD, a federal entity. For this reason, the Court also will not construe Plaintiff's allegations as a *Bivens* claim.

## CONCLUSION

Having reviewed Judge Claxton's R&Rs, the Court **ADOPTS** her recommendations and **DISMISSES** Plaintiff's § 1983 claim against HUD **WITH PREJUDICE**.

**SO ORDERED**, this 8th day of September, 2025.

                                                     s/Thomas L. Parker
                                                     THOMAS L. PARKER
                                                     UNITED STATES DISTRICT JUDGE